IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH L. MURPHY, AIS 267575, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-CV-168-WKW |
| | ) [WO] |
| ADOC OFFICER KOPPS, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Joseph L. Murphy, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging violations of his federally protected rights while in the custody of the Alabama Department of Corrections ("ADOC") at the Staton Correctional Facility. In an Order dated November 15, 2024, the Magistrate Judge identified deficiencies in the complaint and ordered Plaintiff to file an amended complaint by December 2, 2024, warning that his failure to comply would result in a recommendation for dismissal. (Doc. # 17 at 2–3.) Plaintiff did not file an amended complaint as directed or otherwise respond to the Order. Therefore, on December 23, 2024, the Magistrate Judge filed a Recommendation for dismissal based on the authority of courts to dismiss cases for failure to prosecute or obey court orders, as supported by Rule 41(b) of the Federal Rules of Civil Procedure and controlling case law. (Doc. # 18

at 1–2.)  The deadline for Plaintiff to file objections to the Recommendation was January 7, 2025.  (*Id.* at 2.)

In response to the Recommendation, Plaintiff filed a motion for appointment of counsel.  (Doc. # 19.)  He mentions being transferred to a facility "where legal assistance has become even more limited," which he says has hindered his ability to obtain necessary documents from the ADOC without a subpoena.  (*Id.* at 1.)  He also expresses dissatisfaction with the Recommendation endorsing dismissal of his case without prejudice, perceiving it as unjust and based upon his race.  (*Id.* at 2.)

The Magistrate Judge correctly denied the motion for appointment of counsel.  As explained in the Order, there is no constitutional right to counsel in civil cases, and such appointments are only justified by exceptional circumstances.  (Doc. # 20 at 1.)  In this case, the facts and legal issues are neither novel nor complex and, therefore, do not warrant the appointment of counsel.  (*Id.*)  Although the Order denied Plaintiff's motion for appointment of counsel, the Magistrate Judge construed Plaintiff's motion as containing an objection to the Magistrate Judge's Recommendation entered on December 23, 2024.  (*Id.* at 2.)  Given this construction, the objection is timely.  (*See* Doc. # 19 at 3.)

In light of the objection, the court has conducted a *de novo* review of those portions of the Magistrate Judge's Recommendation to which the objection pertains, as required by 28 U.S.C. § 636, and finds that the objection lacks merit.  In the Order

dated November 15, 2024, the Magistrate Judge clearly identified the specific deficiencies in Plaintiff's complaint and provided explicit instructions on how to cure those deficiencies. The Magistrate Judge also granted Plaintiff a reasonable opportunity to file an amended complaint. (Doc. # 17.) The subsequent Recommendation (Doc. # 18), issued after Plaintiff failed to file an amended complaint by the court-ordered deadline or request an extension, is appropriate under the circumstances. Plaintiff's failure to comply with the court's clear directives undermines the orderly and efficient administration of this case, and no sanction short of dismissal would be adequate. The Magistrate Judge's findings and recommendations are correct and will be adopted as the findings and conclusions of the court.

Based upon the foregoing, it is ORDERED as follows:

(1) Plaintiff's objection (Doc. # 19) is OVERRULED;

(2) The Recommendation of the Magistrate Judge (Doc. # 18) is ADOPTED; and

(3) Plaintiff's action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 28th day of March, 2025.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE